People v Rogers
2026 NY Slip Op 04010
June 25, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Jeremy C. Rogers, Appellant.

Decided and Entered:June 25, 2026
CR-23-2418
Calendar Date: May 22, 2026
Before: Garry, P.J., Clark, Reynolds Fitzgerald, Corcoran And Ryba, JJ.

Juan Luis Jaramillo, Albany for appellant.
F. Paul Battisti, District Attorney, Binghamton (Mary E. Saitta of counsel), for respondent.

[*1]
Appeal from a judgment of the County Court of Broome County (Carol Cocchiola, J.), rendered June 30, 2023, convicting defendant upon his plea of guilty of the crime of robbery in the third degree.
Defendant pleaded guilty to a superior court information charging him with robbery in the third degree and agreed to waive his right to appeal. He was ultimately sentenced, as a second felony offender, to the promised prison term of 2½ to 5 years. Defendant appeals.
Defendant challenges the sentence as unduly harsh and severe, arguing that his invalid appeal waiver does not bar review of that claim. We disagree. The record reflects that, prior to pleading guilty, defendant was informed that waiving his right to appeal was a condition of the plea agreement. During the plea colloquy, County Court thoroughly explained to defendant the nature and consequences of the appeal waiver, including that it is separate and distinct from the rights forfeited by the guilty plea. County Court specifically advised defendant that, although most claims of error were waived, certain specified appellate claims nevertheless survived, all of which defendant assured the court he understood. In addition, the record reflects that defendant, after reviewing it with counsel on more than one occasion, executed a written appeal waiver and confirmed that he understood its contents. On this record, we are satisfied that the totality of the circumstances reflects that defendant, despite his limited cognitive abilities, understood the nature and consequences of the right to appeal and knowingly, voluntarily and intelligently waived that right (see People v Thomas, 34 NY3d 545, 559 [2019]; People v Jackson, 244 AD3d 1508, 1508-1509 [3d Dept 2025]). Given the valid appeal waiver, defendant's challenge to the perceived severity of the sentence imposed is foreclosed (see People v Sweeney, 246 AD3d 1163, 1165 [3d Dept 2026]; People v DeCutler, 245 AD3d 1111, 1112 [3d Dept 2026]).
Garry, P.J., Clark, Reynolds Fitzgerald, Corcoran and Ryba, JJ., concur.
ORDERED that the judgment is affirmed.